IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ARTHUR LEE DARBY**,                                    Case Number 1:14 CV 953

     Petitioner,                                        Judge Jeffrey J. Helmick

    v.                                                REPORT AND RECOMMENDATION

**STATE OF OHIO,** et al.

     Respondent.                                        Magistrate Judge James R. Knepp II

### INTRODUCTION

This is an action initiated by Petitioner Arthur Lee Darby, a prisoner in state custody, seeking a writ of habeas corpus under 28 U.S.C. § 2254 ("Petition") (Doc. 1). He subsequently filed a Supplement to his Petition containing an Ohio Supreme Court opinion. (Doc. 4). Respondent State of Ohio[1] filed a Return of Writ (Doc. 7) and Petitioner filed a traverse[2] (Doc. 8). The district court has jurisdiction over the Petition under § 2254(a). This matter has been referred to the undersigned for a Report and Recommendation pursuant to Local Rule 72.2(b)(2). (Non-document entry dated June 16, 2014). For the reasons discussed below, the undersigned recommends the Petition be denied and dismissed.

---

1. Maggie Bradshaw, Warden of Richland Correctional Institution in Mansfield is the proper respondent in this case. *See* Rule 2 of the Rules Governing § 2254.
2. Petitioner used "traverse" to identify what is currently referred to as a "reply". *See* Advisory Committee Notes (1976) to Rule 5 of Rules Governing Section 2254.

PROCEDURAL BACKGROUND

**Judgment of Conviction**

Petitioner was indicted on October 8, 2010, by the Richland County Grand Jury. (Doc 7, Exs. 1, 2). On the date scheduled for trial, February 8, 2011, Petitioner withdrew his plea of not guilty and entered plea of guilty to the charge of Attempted Murder with an accompanying firearm specification (as alleged in count 1), Felonious Assault and the accompanying firearm specification (as alleged in count 2), and Having a Weapon While Under a Disability (as alleged in count 3). (Doc. 7, Exs. 3, 4). Petitioner, who was facing a potential maximum term of 18-years had he gone to trial and been convicted of all charges, was immediately sentenced to an aggregate term of 8-years including 5-years of mandatory post-release control sanctions. (Doc. 7, Ex. 6).  As part of that sentencing, the trial court merged counts 1 and 2, and the firearm specifications for sentencing purposes and a pending probation violation in Richland County were also dismissed. (Doc. 7, Ex. 6). The 30-day time period to appeal from the judgment of conviction expired on Thursday, March 10, 2011. App. R. 4(A)(1).

**Motion to Withdraw Guilty Plea**

Petitioner, on July 5, 2011, filed in the trial court a *pro se* post-sentence motion to withdraw his guilty plea pursuant to Ohio Crim.R. 32.1, claiming the plea was invalid where he was under the impression that the lesser offense of aggravated assault (R.C. 2903.12), which Petitioner believed was applicable to his case, would not be included in the jury instructions if he went to trial. (Doc. 7, Ex. 19). Essentially, Petitioner complained that he would have elected to go to trial if he would have been entitled to the lesser included offense instruction at trial. (Doc. 7, Ex. 19). The State filed its brief on August 10, 2011, opposing plea withdrawal. (Doc. 7, Ex. 20). The trial court denied the motion on Friday, August 12, 2011. (Doc. 7, Ex. 21). There was no timely appeal from

3

that judgment; the time for filing such an appeal expired 30-days later on Monday, September 12, 2011. App. R. 4(A)(1).

**First Delayed Appeal**

On January 25, 2013, approximately 23-months past the original appeal period, Petitioner filed an untimely *pro se* notice of appeal from the February 8, 2011 judgment of conviction. (Doc. 7, Exs. 7, 8). The appellate court, enforcing Ohio's 30-day timely filing requirement contained in App. R. 4(A), dismissed the appeal *sua sponte* on February 6, 2013 as untimely. (Doc 7, Ex. 9).

Petitioner filed a *pro se* notice of appeal and motion for leave to file delayed appeal on May 20, 2013 in the Ohio Supreme Court from the February 6, 2013 judgment. (Doc. 7, Exs. 10, 11, 12). The Ohio Supreme Court denied the delayed appeal motion on July 24, 2013. (Doc. 7, Ex. 13). There was no further appeal from that judgment.

**Second Delayed Appeal**

On February 13, 2013, Petitioner filed a *pro se* notice of appeal and motion for leave to file a delayed appeal from the February 8, 2011 judgment of conviction. (Doc. 7, Exs. 14-16). Petitioner claimed that he failed to file a timely appeal because he was in transit between prisons from February 24, 2011 to November 20, 2012, at which time he began the appeal process, and "received the forms on December 14, 2012." (Doc. 7, Ex. 16). The State filed its opposition to a delayed appeal on February 28, 2013. (Doc. 7, Ex. 17). On March 22, 2013, the appellate court denied leave to file a delayed appeal. (Doc. 7, Ex. 18).

**FEDERAL HABEAS CORPUS**

On April 18, 2014[3], Petitioner filed the instant Petition raising the following grounds for relief:

> **Ground One:** Ineffective Assistance of Counsel
> **Supporting Facts:** Failure to prepare for trial and interview witness, failure to notify courts that defendant was on psych meds for the treatment of neck pain, failure to advise of lesser included offense, failure to challenge conviction for attempted murder, failure to inform courts that victim was under the influence of several drugs.
>
> **Ground Two:** Allied offense. Merger. Conviction on two counts of similar import, that happened at the same time. Which makes sentence voidable.
> **Supporting Facts:** Double jeopardy question. There was no separate animus for each charge.
>
> **Ground Three:** Denial of due process.
> **Supporting Facts:** Trial court failure to conduct a competency hearing, that would have revealed defendant was under the influence of psych medication for the treatment of neck pain, that impaired defendant's ability to make effective decision as whether to go to trial, fire lawyer.
>
> **Ground Four:** Denial of due process
> **Supporting Facts:** Federal and state created impediment to a timely filing of an appeal on post-conviction, by transfers to different prisons.

(Doc. 1).

**TIMELINESS OF THE PETITION**

Respondent contends the statute of limitations expired on April 18, 2012, thus, the present Petition, with its April 18, 2014 filing date, is untimely.. (Doc. 7, at 7-10). Respondent relies on the "1-year period of limitation" in 28 U.S.C. § 2244(d) to argue the pending Petition is time barred. That statute provides:

---

3. The Petition was docketed on May 2, 2014, however, as Respondent highlights, the Petitioner is considered filed on the day it was placed in the prison mail system, here April 18, 2014. (Doc. 7).

5

(d)(1) A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(d)(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner pled guilty on February 8, 2011. (Doc. 7, Ex. 3). Petitioner did not file a notice of appeal within 30 days, thus his conviction became final on March 10, 2011. App. R. 4(A)(1). Respondent contends that the one-year period began the next day, on March 11, 2011, and ran for 116-days until July 5, 2011 when Petitioner filed his post-sentence motion to withdrawal his guilty plea. (Doc. 7, Ex. 19). Respondent then contends the statute ran  the remaining 249 days beginning on August 13, 2011, the day following the trial court's denial of Petitioner's motion to withdraw his plea until April 18, 2012 when it expired. (Doc. 7, Ex. 21).

Respondent's analysis of the timing is correct.  Pursuant to 28 U.S.C. § 2244(d)(2), a motion to withdrawal a guilty plea, as a matter of post-conviction or collateral review, tolls the statute while it is pending. *See DiCenzi v. Rose*, 452 F.3d 465, 468 (6th Cir. 2006) (citing

6

*Searcy*, 246 F.3d at 519). However, this statutory tolling provision does not revive a limitations period that has past, it can only serve to pause a clock that has not yet expired. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). Thus, the statute ran as Respondent stated in his Brief. Petitioner's appeal to the Eighth District Court of Appeals and his subsequent appeals to the Supreme Court were filed after the statute of limitations had run and thus tolling did not occur. (Doc. 7, Exs. 7, 11, 13, 15, 16). Therefore, the Petition is time-barred unless Petitioner can demonstrate he is entitled to statutory or equitable tolling.

First, it is clear from the record that neither§ 2254(d)(1)(C) or § 2254(d)(1)(D) apply to the case at bar. Petitioner has not asserted a constitutional right that has been newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review. Moreover, Petitioner fails to present any evidence that suggests a diligent person in Petitioner's circumstances could not have discovered the factual predicate of his claims before his conviction became final at the expiration of time for seeking direct review. *See DiCenzi v. Rose*, 452 F.3d 465, 471 (6th Cir. 2006) ("[T]he petitioner bears the burden of proving that he exercised due diligence, in order for the statute of limitations to begin running from the date he discovered the factual predicate of his claim, pursuant to 28 U.S.C. § 2254(d)(1)(D)). Therefore, Petitioner's claim is barred unless he can show he is entitled to statutory tolling under 28 U.S.C. § 2254(d)(1)(B) or  that he is otherwise entitled to equitable tolling.

### Petitioner's Prison Transfers

Petitioner argues impediments created by the state prevented the timely filing of his appeals. (Doc. 8, at 8-9). Petitioner asserts that he had limited access to the law library during his prison stay because of increased security due to the serious nature of the attempted murder conviction, and that he was only recently transferred to a prison where he can access the law

library and reading materials. (Doc. 8, 8-9).

28 U.S.C. § 2244 (d) (1) (B) allows for statutory tolling when a state-created impediment prevents a petition from being filed. Additionally, equitable tolling allows courts to review time-barred habeas petitions "provided that 'a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Robinson v. Easterling*, 424 F. App'x 439, 442 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)). However, it only warrants tolling if it was both beyond the control of the litigant and unavoidable with reasonable diligence. *Id.*

Thus, to demonstrate he is entitled to equitable tolling, a habeas petitioner must establish: (1) he has diligently pursued his rights; and (2) "that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649. Such equitable tolling, however, is rare, granted sparingly, and evaluated on a case-by-case basis, with the petitioner retaining the "ultimate burden of persuading the court that he or she is entitled to equitable tolling." *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011); *King v. Bell*, 378 F.3d 550, 553 (6th Cir. 2004).

Given the lengthy amount of time Petitioner sat on his rights with no more than prison transfers and answering a pending criminal charge given as cause for his failure to file an appeal, it is difficult for this Court to find that he diligently pursued his rights and that he would have been able to file but for the transfers. It is difficult to believe that Petitioner had the time and opportunity to file a motion to withdraw his guilty plea, yet somehow did not have the opportunity to file his direct appeal on time. Although he states he did not have access to the law library or relevant documents, this is difficult to believe given his motion to withdraw. (Doc. 8, at 8). Moreover, it is generally difficult to believe Petitioner was "in-transit" and unable to access

materials for more than a year from February 24, 2011 until November 20, 2012. (Doc. 8, at 8-9).

Second, although a credible claim of actual innocence will equitably toll the § 2244(d) limitations period, *see Souter v. Jones*, 395 F.3d 577, 589-90 (6th Cir. 2005), Petitioner's claim he is not guilty of attempted murder but rather felonious assault is not such a claim. Actual innocence means "factual innocence, not mere legal insufficiency." *Bousley v. U.S.*, 523 U.S. 614, 623-24 (1998); *Schlup v. Delo*, 513 U.S. 298, 324 (1995). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324. Petitioner presents nothing more than a naked post-plea denial of guilt. Therefore, there are no reasons presented to permit equitable tolling to excuse Petitioner's untimely filing.

### CONCLUSION AND RECOMMENDATION

Following review, and for the reasons stated above, the undersigned recommends the Court dismiss the Petition.

s/James R. Knepp II
United States Magistrate Judge

*ANY OBJECTIONS* to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).